## THOMAS M. BREWER *vs.* ROLAND WORTHINGTON & others.

If upon the dissolution of a firm the partners who remain assume the payment of the part
nership debts and agree to save the retiring partner harmless therefrom, and a judgment
is subsequently recovered against all of them upon one of the partnership debts, and the
retiring partner pays a portion of the amount to the judgment creditors, taking from
them an agreement in which they, in consideration of the payment to them, covenant not
to molest him or take his property thereon, reserving all their rights against all the other
judgment debtors, he may recover the amount so paid by him in an action against his
former partners.

CONTRACT upon a written agreement by the defendants, recit-
ing that the plaintiff retired from the firm of Worthington, Flan-
ders & Guild, of which he and the defendants had been mem-
bers, conveying to them all his interest in all the property of the
partnership, and providing that they should assume and pay all
the debts and liabilities, and save the plaintiff harmless there-
from.

At the trial in the superior court, before *Morton,* J., it ap-
peared that two judgments upon two notes amounting together
to about $9000, were subsequently recovered by the Telegraph
Newspaper Company against the plaintiff and the defendants
upon debts of the firm, and afterwards the plaintiff paid to the
judgment creditors the sum of $1000, partly in cash and partly
in a note of a third person, taking from them an agreement re-
citing that, in consideration of the said payment to them by the
plaintiff, they covenanted and agreed never to " molest or arrest
the said Thomas M. Brewer, or his legal representatives, or at-
tach or seize or levy upon his or their property upon or on ac-
count of either of the judgments," " hereby reserving all our
rights against all the other judgment debtors." Due demand
was made by the plaintiff upon the defendants.

Upon these facts the judge directed a verdict for the plaintiff,
for the $1000 and interest, which was rendered accordingly ; and
the defendants alleged exceptions.

*G. O. Shattuck,* for the defendants.

*B F. Brooks,* for the plaintiff.

DEWEY, J.   This contract is something more than a mere con-
tract of indemnity.   It is also an agreement to assume and pay
all the debts and liabilities of the late firm of Worthington,
Flanders & Guild.   Two notes given to the Telegraph News-
paper Company afterwards fell due which the defendants neg-
lected to pay, and permitted suits to be instituted thereon, and
judgment to be rendered against the plaintiff and themselves.
In this state of the case, the plaintiff, being subject to a levy of
the execution upon this judgment, made the arrangement with
the creditors in the manner stated in the bill of exceptions.

There was clearly a breach of the covenant of the defendants
for which the plaintiff may maintain his action, and the only in-
quiry is as to the measure of damages.   If treated as a mere
bond of indemnity, the plaintiff could only recover nominal
damages, if he had made no payment thereon and had suffered
no particular damage.

In the case of a covenant to pay the sole debt of the obligee
to a third person, we see no objection to the obligee's recovering
the whole amount of the debt which the defendant had stipu-
lated to pay, in case of a breach of the covenant, as such recov-
ery fully discharges the obligor from all further liability.   But
where the covenant is to pay a debt due to a third person as
well from the obligor as the obligee, a difficulty arises, inasmuch
as the defendant may be further charged with the debt by those
to whom it is payable.

It may be thought that the case of *Loosemore* v. *Radford*, 9
M. & W. 657, is somewhat more favorable to the plaintiff, and
would authorize a recovery for the whole amount without any
previous payment thereof by him.   It was a covenant to indem-
nify against a note where both parties to the covenant were
promisors in the note, the plaintiff in fact being a surety for the
other party, and the defendant covenanted with the plaintiff to
pay the note to the payee on a future day named, but neg-
lected so to do ; and it was held that the plaintiff was entitled
to recover as damages the full amount of the note, although he
had not paid the same.   It was said on that case by Parke, B.,
" that the defendant may perhaps have an equity that the money

he may pay to the plaintiff shall be applied in discharge of his debts, but at law the plaintiff is entitled to be placed in the same situation under this agreement as if he had paid the money to the payee of the bill."

But it seems to be unnecessary to express an opinion upon the question presented in a case where there has been no payment. Here the plaintiff makes no claim beyond the one thousand dollars paid by him, and the precise inquiry is whether that sum was paid under such circumstances as to create a valid claim for damages to that extent. That the plaintiff had the right to pay the judgment, and resort to the defendants for remuneration, cannot be doubted; but the theory of the defendants is, that this sum of one thousand dollars was not paid upon the judgment, or in discharge of any portion thereof, and that they remain liable to the judgment creditors for the full amount of the same, and thus will be liable to be twice charged, if the plaintiff is allowed to recover damages for the payment made by him. But we do not consider the plaintiff's claim obnoxious to that objection. We must suppose that the payment was made upon the judgment, and that the purpose of the parties was to fix a certain amount which, if paid, should operate to bind the creditors not to levy their executions upon the body or property of the plaintiff. But it is not to be inferred that it was the purpose of this arrangement that the judgment creditors were in any event to receive more than the whole amount of the judgments. The practical effect of the arrangement was that the creditors received one thousand dollars upon the judgment from the plaintiff, and thereupon obligated themselves to collect the residue wholly from his co-debtors. The facts, therefore, show not only a breach of the covenant of the defendants to pay this debt, but also a case of actual damage to the amount of the sum paid by the plaintiff, for which he is entitled to recover.

*Exceptions overruled.*